UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN ANTHONY KOHRIG,

    Plaintiff,

v.                                Case No.:  2:25-cv-95-SPC-NPM

PAVILION AT HEALTHPARK
LLC, AMBER MARIE HENTZ,
GREG JENSEN, and MICHELLE
RAE CHILDERS SKRMETTA

    Defendants.
_____/

# ORDER

    Before the Court is Defendants' Notice of Removal.  (Doc. 3).  For the reasons outlined below, Defendants must supplement the Notice.

    A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendants removed this action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, both diversity and the amount in controversy are questionable.

To establish the amount in controversy, Defendants rely exclusively on Plaintiff's responses to Defendants' request for admissions in state court in which he admits that "he has suffered more than $75,000 in damages in this case, exclusive of interest and costs." (Docs. 3, 3-5 at 5–6). But this alone is insufficient to establish the amount in controversy. *See Rhodes v. Safeco Ins. Co. of Illinois*, No. 2:17-CV-379-FTM-38CM, 2017 WL 9887861, at *2 (M.D. Fla. July 31, 2017) (finding a response to a request for admission, without more, insufficient to establish the amount in controversy). Afterall, "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000 and not on the parties' stipulation or the equivalent (and especially not a party's mere admission)." *Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013); *Pugliese v. Texas Roadhouse, Inc.*, No. 5:17-CV-392-OC-PRL, 2017 WL 6276587, at *3 (M.D. Fla. Dec. 11, 2017) (explaining that courts within the Middle District of Florida have held that "responses to requests for

admissions can be conclusory and lack factual support"). So without more, the Court is not satisfied that Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Nor have Defendants established diversity of citizenship because Plaintiff's citizenship is unclear. Defendants assert that Plaintiff is a citizen of the U.S. Virgin Islands. (Doc. 3). For support, they cite to the complaint, which alleges that Plaintiff is a *resident* of the U.S. Virgin Islands. (Doc. 4 ¶ 4). But "residency is not the same as citizenship." *See Norvilus-Foreste v. Walmart Stores E., LP*, No. 2:23-CV-163-SPC-NPM, 2023 WL 2918599, at *1 (M.D. Fla. Apr. 12, 2023) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). And a person's citizenship is determined by his "domicile" or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). So Defendants must establish Plaintiff's domicile, not his residency.

The Court finds that Defendants have not met their burden of establishing the Court's subject-matter jurisdiction over this matter.

Accordingly, it is now

**ORDERED:**

On or before **April 19, 2025**, Defendants must SUPPLEMENT their Notice of Removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on April 4, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record