UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN ANTHONY KOHRIG,

    Plaintiff,

v.                                                                                          Case No.:  2:25-cv-95-SPC-NPM

PAVILION AT HEALTHPARK
LLC, AMBER MARIE HENTZ,
GREG JENSEN, and MICHELLE
RAE CHILDERS SKRMETTA

    Defendants.
_____/

## **OPINION AND ORDER**

Defendants Pavilion at Healthpark LLC, Amber Marie Hentz, Greg Jensen, and Michelle Rae Childers Skrmetta removed this action by invoking the Court's diversity jurisdiction. (Doc. 3). To establish the amount in controversy, they relied exclusively on Plaintiff's responses to Defendants' request for admissions in state court in which he admits that "he has suffered more than $75,000 in damages in this case, exclusive of interest and costs." (Docs. 3, 3-5 at 5–6). But this alone is insufficient to establish the amount in controversy. *See Rhodes v. Safeco Ins. Co. of Illinois*, No. 2:17-CV-379-FTM-38CM, 2017 WL 9887861, at *2 (M.D. Fla. July 31, 2017) (finding a response to a request for admission, without more, insufficient to establish the amount in controversy). So, to ensure its jurisdiction, the Court ordered Defendants to

supplement their notice of removal to establish the amount in controversy. (Doc. 23).

Defendants' supplement fares no better. In it, they continue to rely on Plaintiff's request for admissions while also citing the civil cover sheet and Plaintiff's proposals for settlement filed in state court. Neither is helpful. The civil cover sheet reflects the amount in controversy exceeds $100,000. (Doc. 29-7). But the civil cover sheet is not a verified pleading or material evidence on the amount in controversy. *See Unwin v. Hartford Ins. Co. of the Midwest*, No. 2:21-CV-135-SPC-NPM, 2021 WL 1821415, at *3 (M.D. Fla. Apr. 9, 2021). As such, it does not establish the amount in controversy. *See Nieter v. Holiday CVS, L.L.C.*, No. 2:24-CV-949-SPC-KCD, 2024 WL 4956662, at *1 (M.D. Fla. Nov. 1, 2024) (finding the civil cover sheet inadequate to establish the amount in controversy).

Defendants' reliance on the proposals for settlement also falls short. Plaintiff served a $75,000 proposal on each of the three individual Defendants. (Doc. 29-7). But proposals for settlement do not satisfy the amount in controversy either. *See Nieter v. Holiday CVS, L.L.C.*, No. 2:25-CV-126-SPC-NPM, 2025 WL 746064, at *1 (M.D. Fla. Feb. 20, 2025) (finding a one-million-dollar proposal for settlement inadequate to establish the amount in controversy). Indeed, the proposals themselves lack "<u>any</u> specific information to explain why [$75,000] is a reasonable assessment of the value of [Plaintiff's]

2

claim, nor does the record in this case support such a conclusion." *Hamilton v. Crete Carrier Corp.*, No. 3:24-CV-574-MMH-MCR, 2024 WL 3948869, at *4 (M.D. Fla. Aug. 27, 2024) (emphasis original) (finding a bare proposal for settlement did little to establish the amount in controversy). This suggests Plaintiff's settlement demands are nothing more than puffery. *See Auclair v. Ecolab, Inc.*, No. 2:21-CV-18-JLB-MRM, 2021 WL 1661016, at *3 (M.D. Fla. Apr. 28, 2021) (explaining that courts draw a distinction between "settlement offers steeped in puffery and posturing" and "those yielding information and a reasonable assessment of value").

Defendants fail to cite any actual evidence demonstrating the amount in controversy exceeds $75,000. *See Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013) (explaining "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000"). So the Court remands this matter back to state court.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida (Case No. 24-CA-006638).

3

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 22, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record